**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA,

                **Plaintiff,**

-vs-                                            Case No. 6:11-cv-1655-Orl-31GJK

KEVIN J. COLUCCI,

                **Defendant,**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration, without oral argument, on the following motion:

> **MOTION:**   **MOTION FOR DEFAULT JUDGMENT (Doc. No. 10)**
>
> **FILED:**     **January 3, 2012**
> _____
>
> **THEREON** it is **RECOMMENDED** that the **MOTION** be **GRANTED**.

**I.**     **BACKGROUND**

On October 13, 2011, Plaintiff filed a Complaint seeking damages for Defendant's failure to pay his student loans. Doc. No. 1. Plaintiff alleges that Defendant owes $112,244.04 in principal, $44,947.92 in interest plus interest accruing at eight percent (8%) per year, a daily rate of $24.58, "through August 25, 2011, until the date of judgment." Doc. No. 1 at 1, ¶4. Attached to the Complaint are copies of the promissory notes Defendant executed and a certification of indebtedness from a U.S. Department of Education loan analyst that confirms the amounts owed and interest accruing. Doc. No. 1-1.

On November 29, 2011, Plaintiff filed its affidavit of service, indicating that the summons and a copy of the Complaint were personally served on Defendant on November 25, 2011. Doc. No. 7-1. On December 23, 2011, a clerk's default was entered as a result of Defendant's failure to plead or otherwise defend. Doc. No. 9. On January 3, 2012, Plaintiff moved for a default judgment (hereafter "Motion"). Doc. No. 10.

In the Motion, Plaintiff asserts its claim is for a "sum which by computation can be made certain:" $112,244.04 in principal, 44,947.92 in interest accrued as of August 25, 2011, plus interest accruing at eight percent (8%) per year, a daily rate of $24.58, "through August 25, 2011, and thereafter until the date of judgment." Doc. No. 10 at 1-2. Plaintiff also requests "interest from the date of judgment at the legal rate until paid in full" and "such other costs of litigation otherwise allowed by law." Doc. No. 10 at 2.

## II. ANALYSIS

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the civil rules, and that fact is made to appear by affidavit or otherwise, the Clerk enters a default. Fed. R. Civ. P. 55(a). Once a Clerk's default has been entered, a party may move for a default judgment pursuant to Rule 55(b)(2). A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987).

Defendant has admitted all well-pled allegations of the Complaint by virtue of his default. Thus, Defendant admits that he executed the student loan promissory notes and has failed to pay. Defendant also admits that he owes $112,244.04 in principal, 44,947.92 in accrued interest plus interest at eight percent (8%) per year, a daily rate of $24.58, after August 25, 2011, until the

date of judgment. The allegations of the Complaint and the Complaint's attachments establish a sufficient basis upon which to enter judgment against Defendant.

Plaintiff is entitled to postjudgment interest from the date the judgment is entered, pursuant to 28 U.S.C. § 1961. The postjudgment interest rate is calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a) (internal footnote omitted).

## III.  CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that the Court:

1. **GRANT** the Motion; and

2. Enter a default judgment against Defendant for the following sums:

    a. $112,244.04 in principal;

    b. $44,947.92 in interest accrued as of August 25, 2011;

    c. Interest accruing at eight percent (8%) per year, a daily rate of $24.58, after August 25, 2011, until the date of judgment; and

    d. Postjudgment interest.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Recommended** in Orlando, Florida on January 12, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Presiding District Judge
Counsel of Record
Unrepresented Party